Rebecca **HARSHMAN,** Plaintiff—
Appellant,

v.

**COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,**
Defendant—Appellee.

No. 04–35781.
D.C. No. CV–01–01690–HO.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Nov. 30, 2005.

David B. Lowry, Esq., Law Offices of David B. Lowry, Portland, OR, Tim D. Wilborn, Esq., West Linn, OR, Linda Ziskin, Law Offices, Lake Oswego, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., USPO—Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., David R. Johnson, Esq., L. Jamala Edwards, Esq., SSA—Social Security Administration, Office of the General,

Counsel Seattle, WA, for Defendant–Appellee.

Before KLEINFELD and GRABER, Circuit Judges, and MOSKOWITZ,* District Judge.

## MEMORANDUM **

Claimant Rebecca Harshman appeals from the district court's decision affirming the termination of her disability insurance and Supplemental Security Income benefits. On de novo review, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998), we remand with instructions to return the case to the administrative law judge ("ALJ") for further consideration.

■ 1. Substantial evidence supports the finding by the Commissioner of Social Security that Claimant was no longer disabled. Medical evidence showed that Claimant no longer suffered from a somatoform disorder and that her other impairments had medically improved.

■ 2. Substantial evidence also supports the finding that, even though Claimant no longer could perform her past work, she could perform some other work. The vocational expert erred in identifying the positions of photo finisher and order clerk as appropriate, because they require "frequent" reaching, handling, and fingering, which the ALJ found Claimant could do only "occasionally." But the position of surveillance system monitor, which the vocational expert also identified, is consistent with Claimant's limitations as found by the ALJ.

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

3. The ALJ has not had an opportunity to consider whether the surveillance system monitor position, alone, exists in significant enough numbers to constitute substantial gainful work in the national economy. Accordingly, this matter should be returned to the ALJ to decide, in the first instance, whether the number of available jobs makes this "work which exists in the national economy" within the meaning of the applicable statute, 42 U.S.C. § 423(d)(2)(A), and regulation, 20 C.F.R. § 404.1566(b). *See Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1478–79 (9th Cir.1989) (noting that this circuit has not established a minimum number of jobs that constitutes a "significant number").

REMANDED with instructions to remand the case to the ALJ.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.